UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA HANNAH ROGERS,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.         ) | Civil Action No. 24-3193 (UNA) |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants.         ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and her *pro se* Complaint (ECF No. 1).[1] It appears that Plaintiff has an interest in real property in Effingham, South Carolina. She purports to assert a claim under 42 U.S.C. § 1983 for alleged violations of her rights under the United States Constitution. *See* Compl. at 3, 4. Her claims pertain to foreclosure proceedings in the Court of Common Pleas, State of South Carolina, County of Florence, culminating in a judgment of foreclosure in the mortgagee's favor and an order for the sale of the property at public auction, *see generally* Compl., Ex. (ECF No. 1-1), set for December 3, 2024, *see id*. at 4. Among other relief, Plaintiff demands "free and clear title" to the property. *Id*. at 5. In addition, Plaintiff appears to challenge the ruling of the United States District Court for the District of South Carolina, *see id*. at 4, dismissing Plaintiff's prior challenge to the South Carolina proceedings, *see id*., Ex. (ECF No. 1-1 at 32-35).

This Court lacks jurisdiction to provide Plaintiff's requested relief. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal Courts are courts of limited

---

[1] Only Barbara Hannah Rogers filed an application to proceed *in forma pauperis*, and only she is listed as a plaintiff in the Complaint. The Court proceeds as if she is the sole plaintiff.

1

jurisdiction. They possess only that power authorized by Constitution and statute."); *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008) ("It is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*."). As a general rule, a federal district court lacks jurisdiction to review the decisions of other courts. *See, e.g.*, *Petrovic v. United States*, No. 1:19-cv-00482, 2019 WL 1746301, at *2 (D.D.C. Apr. 17, 2019); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923); *see also Prentice v. U.S. Dist. Court for E. Dist. of Mich.*, 307 F. App'x 460, 460 (D.C. Cir. 2008) (per curiam) ("[B]ecause a challenge to a state court action must proceed through that state's system of appellate review rather than through a federal district court, the district court properly determined it lacked jurisdiction to review action taken by a . . . state court." (citations omitted)).

Here, if this Court were to entertain the Plaintiff's claims, it would necessarily need to review and overturn rulings of a South Carolina court and a sister federal district court over which it lacks jurisdiction. Thus, the Court dismisses the Complaint without prejudice for lack of subject matter jurisdiction and grants Plaintiff's application to proceed *in forma pauperis*. An Order is issued separately.

DATE: November 21, 2024                    ANA C. REYES
                                           United States District Judge